**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-11148
Summary Calendar

CARLOS TIJERINA

Plaintiff-Appellant

v.

MATTHEW D. POWELL, District Attorney; DOUGLAS FREITAG, Assistant
Prosecutor; SUNSHINE STANEK, Assistant Prosecutor; KOLLIN SHADLE,
Assistant Prosecutor; JIM BOB DARNELL, District Judge; RONALD
DELAROSE, Attorney; DAVID CROOK, Attorney

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-222

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Carlos Tijerina, Texas prisoner # 1349165, moves this court for
authorization to proceed in forma pauperis (IFP) on appeal following the district
court's dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915 and
28 U.S.C. § 1915A as frivolous, malicious, and for failure to state a claim upon
which relief could be granted. Tijerina's motion to proceed IFP on appeal is

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

construed as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Tijerina argues that the defendants violated his rights during the course of his prosecution, direct appeal, and state postconviction proceedings. He also argues that Judge Darnell and the prosecutor defendants are not entitled to immunity. Tijerina moves this court to take judicial notice of his pending 28 U.S.C. § 2254 proceedings. Tijerina does not address the propriety of the district court's determination that his suit was untimely, nor does he address the district court's determinations that his claims against one defendant were malicious and that his claims against the defense attorney defendants are not cognizable under § 1983. Tijerina has thus abandoned any challenges he may have had to these determinations. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Tijerina has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his motion to proceed IFP is DENIED. *See Baugh*, 117 F.3d at 202. Tijerina's motion for judicial notice is likewise DENIED. His appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Tijerina's suit as frivolous and the dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Tijerina is WARNED that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).